FILED

UNITED STATES COURT OF APPEALS

MAY 12 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30265 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-00020-RRB-1 |
| v. | District of Alaska, Anchorage |
| JAMES R. BACK, | |
| Defendant - Appellant. | REPORT AND RECOMMENDATION |

Before:  Peter L. Shaw, Appellate Commissioner.

I
Background

Appellant James R. Back was convicted after a three-day jury trial of making false income tax returns, in violation of 26 U.S.C. § 7206(1), and willful failure to file income tax returns, in violation of 26 U.S.C. § 7203.  Back was sentenced to 16 months in prison, ordered to serve 1 year of supervised release, and ordered to pay a special assessment of $400, a $10,000 fine, $113,286.00 in restitution, and $17,240.59 for the cost of prosecution.  In the district court, Back represented himself with the aid of appointed standby counsel.

gml/Appellate Commissioner

Back filed a pro se notice of appeal of his conviction and sentence and has requested permission to represent himself on appeal. The request has been referred to the Appellate Commissioner pursuant to Ninth Circuit General Order 6.3(e). Back is currently serving his sentence.

## II
## Analysis

There is no constitutional right to self-representation in a criminal appeal, but the court may, in its discretion, allow self-representation in appropriate cases. *See Martinez v. Court of Appeal*, 528 U.S. 152, 163 (2000). The court may permit a defendant to proceed pro se if: (1) the defendant's request to proceed pro se and the waiver of the right to counsel are knowing, intelligent, and unequivocal; (2) the defendant is apprised of the dangers and disadvantages of self-representation on appeal; and (3) self-representation would not undermine a just and orderly resolution of the appeal. *See* 9th Cir. R. 4-1(d).

In determining whether a defendant should be permitted to proceed pro se, the court considers: (1) whether the issues on appeal are so complex that a lay person would require substantial assistance of counsel to aid the court in deciding the case; (2) whether appellant's self-representation would unduly burden the court

or other parties; and (3) whether self-representation would undermine the integrity of the outcome. *See Martinez*, 528 U.S. at 162-63.

Back states in his "motion to proceed pro se" that he requests permission to represent himself "contingent on his being released pending appeal." Because Back's request is equivocal, the court should deny Back's request to represent himself. *See* 9th Cir. R. 4-1(d).

Furthermore, a review of the record and appellant's filings in the district court and this court suggest that, even if Back validly waives the right to counsel on appeal, this is not an appropriate case in which to grant him leave to represent himself.

Back was convicted after a jury trial of four felonies. He received a significant prison sentence and must pay substantial amounts in fines, assessments, and restitution. This appeal likely will present issues requiring a sophisticated analysis of the evidence presented, the procedural history, the sentence imposed, and legal precedent.

Back's filings in the district court challenged, among other things, the district court and government's power and jurisdiction to prosecute him. Back's numerous pro se motions and documents in the district court displayed erroneous statements of law. The district court rejected all of his arguments and contentions,

finding many of them frivolous. His arguments in the district court asserting that

the federal government lacked jurisdiction to prosecute him lack merit.

Back's motions for bail pending appeal filed in the district court and this

court failed adequately to address the governing standards for release of an

incarcerated criminal appellant pending appeal. Appointed counsel can evaluate

whether a motion for bail pending appeal would be feasible and, if appropriate, file

a motion that is more refined than the one Back submitted.

Back's filings do not demonstrate that his research, analytic, and writing

skills are adequate to address the potential issues on appeal. Back admits in his

motion for bail filed in this court that he has "limited knowledge of legal matters."

His submissions in the district court and this court do not exhibit sufficient

understanding of the rules of criminal law or procedure to justify allowing self-

representation. Permitting Back to represent himself on appeal could unduly

burden the court and other parties and could undermine the integrity of the court's

decision of the appeal. *See Martinez*, 528 U.S. at 162-63.

An experienced appellate practitioner would benefit both Back and the court.

Counsel will be better able than Back to digest the district court record, to view the

record with an eye towards the requirements of appellate review, to distill from the

record the issues that would have the most likelihood of success on appeal, and to

articulate those issues in the manner most beneficial to the court's review and to Back's chance of success.

In these circumstances, and given Back's equivocal request to represent himself, this is not an appropriate appeal in which to exercise the court's discretion to permit self-representation. *See id.* The court's interest in the fair and efficient administration of justice outweighs Back's interest in self-representation. *See id.*

III
Recommendation

The court should deny Back's request for leave to represent himself. The court should order Back to retain counsel or submit a request for appointment of counsel at government expense, supported by a Form CJA 23 financial affidavit showing that Back cannot afford to retain counsel. The court should also set a new briefing schedule. Back's pro se requests for relief, including his request for bail pending appeal, should be denied without prejudice to renewal by counsel, if appropriate.